J-S23003-18

2018 PA Super 181

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| YAASMEER ENIX | : | |
| | : | |
| Appellant | : | No. 2733 EDA 2016 |

Appeal from the Judgment of Sentence July 22, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009884-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS*, P.J.E.

OPINION BY SHOGAN, J.:                    **FILED JUNE 26, 2018**

Appellant, Yaasmeer Enix, appeals from the judgment of sentence entered following his conviction of aggravated assault.[1]   We vacate the judgment of sentence and remand for a new trial.

The trial court summarized the procedural history of this case as follows:

On October 22, 2009, [Appellant] was arrested and charged with inter-alia: 1) Attempted Murder[1]; 2) Aggravated Assault[2]; 3)

---

[1] We note that in criminal matters an appeal properly lies from the judgment of sentence made final by the disposition of post-sentence motions.  **See Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) (explaining that in a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions). Our review of the docketing statement reveals that Appellant filed his notice of appeal after the entry of his judgment of sentence, but prior to the trial court's disposition of his post-sentence motion.  Hence, the appeal was premature.  However, pursuant to Pa.R.A.P. 905(a)(5), "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."  In accord with Pa.R.A.P. 905(a)(5), we will treat the appeal as filed on the day after the trial court issued the order disposing of Appellant's post-sentence motion and proceed with our review.

---

*   Former Justice specially assigned to the Superior Court.

Firearms not to be Carried Without a License[3], 4) Carrying Firearms on Public Streets or Public Property in Philadelphia[4]; and 5) Possession of an Instrument of a Crime With Intent.[5]  March 26, 2016, [Appellant's] first trial, the jury was unable to reach a verdict, which ended in a mistrial ....  On May 2, 2016, [Appellant], at the conclusion of his second jury trial, was convicted only on the charge of Aggravated Assault.

> [1] 18 Pa.C.S.A. 901(a)
> [2] 18 Pa.C.S.A. §2702(a)
> [3] 18 Pa.C.S.A. §6106
> [4] 18 Pa.C.S.A. §6108
> [5] 18 Pa.C.S.A. 907(a)

On July 14, 2016, [Appellant] filed a motion for extraordinary relief, which the [trial c]ourt denied, after a hearing on July 22, 2016[.]  On July 22, 2016, [Appellant] was sentenced to a period of confinement in a state correctional facility of ten to twenty years on the charge of Aggravated Assault.  On August 1, 2016, [Appellant] timely filed a motion seeking reconsideration of his sentence, which the [trial c]ourt subsequently denied on October 4, 2016.

On August 15, 2016, [Appellant] timely filed the instant appeal to the Superior Court of Pennsylvania[.][6]  On August 16, 2016, this [c]ourt filed and served on [Appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a Statement of Errors Complained of on Appeal within twenty-one days of the [c]ourt's Order.  On September 6, 2016, [Appellant] timely filed a rambling "Pennsylvania Rule of Appellate Procedure 1925(b) Statement," improperly setting forth extensive factual and legal argument.

> [6] September 30, 2016, the Superior Court issued, sua sponte, a rule to show cause why [Appellant's] notice of appeal should not be quashed as interlocutory[.] By order dated November 8, 2016, the Superior Court referred decision on its rule to the panel assigned to rule on the merits of [Appellant's] appeal[.]

Trial Court Opinion, 8/16/17, at 1-2.

Appellant presents the following issues for our review:

- 2 -

I. Did the trial judge, after closing arguments, abuse his discretion and interject his own biased opinion to the jury against Appellant's case, in the closing charges, and, in doing so, violate Appellant's right to due process and a fair trial?

II. Was the evidence insufficient for a finding of guilt on the single charge of aggravated assault?

III. Was the jury verdict on the single charge of Aggravated Assault against the weight of the evidence?

IV. Pursuant to PA.R.A.P. 2119, was Appellant's sentence excessively harsh and contrary to the fundamental norms which underlie the sentencing process, was the judge's sentence of [A]ppellant of 10-20 years of incarceration on the single charge of Aggravated Assault far outside the guideline range and in violation of well-established Pennsylvania law?

Appellant's Brief at 9.

Because a successful sufficiency of the evidence claim warrants discharge on the pertinent crime, we address this issue first. ***Commonwealth v. Toritto***, 67 A.3d 29, 33 (Pa. Super. 2013) (citing ***Commonwealth v. Stokes***, 38 A.3d 846 (Pa. Super. 2011)). Appellant argues that there was insufficient evidence presented to support a finding of guilt on the charge of aggravated assault. Appellant's Brief at 18-22. Appellant asserts that, without the pretrial identification provided by Breeonna Spencer that was essentially recanted, the Commonwealth's evidence was insufficient for a finding of guilt. ***Id***. at 22.[2]

_____

[2] We acknowledge that challenges to witness credibility generally implicate the weight, not the sufficiency, of the evidence. ***See Commonwealth v. Price***, 616 A.2d 681, 683 (Pa. Super. 1992) (explaining sufficiency challenge asks

Our standard of review is well established:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Estepp***, 17 A.3d 939, 943-944 (Pa. Super. 2011).

_____

whether evidence exists on record to support conviction, whereas argument that witness's account is not credible goes to weight). Nevertheless:

> in those extreme situations where witness testimony is so inherently unreliable and contradictory that it makes the jury's choice to believe that evidence an exercise of pure conjecture, any conviction based on that evidence may be reversed on the grounds of evidentiary insufficiency, since no reasonable jury could rely on such evidence to find all of the essential elements of the crime proven beyond a reasonable doubt.

***Commonwealth v. Brown***, 52 A.3d 1139, 1156 n.18 (Pa. 2012). Accordingly, we will review this issue as a challenge to the sufficiency of the evidence.

The crime of aggravated assault is set forth at 18 Pa.C.S. § 2702 and provides in relevant part as follows:

> **(a) Offense defined.—**A person is guilty of aggravated assault if he:
>
> > (1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life . . . .

18 Pa.C.S. § 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301.

Pertinent to our review of this issue, we are mindful that "[a] prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability." *Commonwealth v. Carmody*, 799 A.2d 143, 148 (Pa. Super. 2002) (citing *Commonwealth v. Lively*, 610 A.2d 7, 9-10 (Pa. 1992); Pa.R.E. 803.1).

> The test is a two-part inquiry: 1) whether the statement is given under reliable circumstances; and 2) whether the declarant is available for cross-examination. With respect to the first prong, that the statement is given under reliable circumstances, our [S]upreme [C]ourt has deemed reliable only certain statements; among them is a statement that is "reduced to a writing and signed and adopted by the witness." *Lively*, 610 A.2d at 10. Pa.R.E. 803.1(1). With respect to the second prong, cross-examination, the inconsistent statement itself must be the subject of the cross-examination in order to satisfy the test.

*Carmody*, 799 A.2d at 148 (some internal citations and footnote omitted).

*See also Lively*, 610 A.2d at 10 (providing prior inconsistent statement is

- 5 -

"demonstrably reliable and trustworthy" where statement "had been reduced to a writing signed and adopted by the witness; or a statement that is a contemporaneous verbatim recording of the witness's statements"). [3]

Our review of the certified record reflects that Detective David Tighe of the Philadelphia Police Department testified at Appellant's trial. N.T., 4/21/16, at 151-188, 4/26/16, at 9-39. Detective Tighe offered an extensive description of the area where the shooting took place and where the handgun was ultimately discovered. In addition, he offered testimony that coincided with the playing of a video retrieved from a surveillance camera near the scene of the shooting. *Id*. at 156-166. Of particular import, Officer Tighe offered commentary of the video footage of a man wearing a white shirt fleeing the scene and entering the area where a handgun was discovered. *Id*. at 157-163. *See also* Exhibits C-18.1-18.7 (still photographs taken from the surveillance camera video depicting a man vaguely resembling Appellant

---

[3] In *Lively*, three Commonwealth witnesses, following their refusal to implicate the defendant at trial, were confronted with prior inconsistent statements in which they had previously implicated the defendant in the murder of the victim, which was the subject of the prosecution. *Lively*, 610 A.2d at 10. Our Supreme Court found that two of the statements, a memorandum prepared by a police detective which was not a contemporaneous verbatim recording and which was neither signed nor adopted by the witness and a police officer's testimony about the substance of a telephone call with a witness, were improperly admitted. *Id.* at 11. However, the Supreme Court held that a statement of the third witness, made in a signed writing given to the police, was properly admitted. *Id.*

running from the area of the shooting into the alleyway where the gun was discovered).

In addition, Officer Chris Harrigan of the Philadelphia Police Department testified at Appellant's trial. N.T., 4/21/16, at 101-150. Officer Harrigan explained that he was dispatched to the scene of the shooting and, during a search of the alley where the perpetrator fled, the officer discovered a handgun. *Id*. at 103-105, 113-115. Also, Officer Gregory Welsh, a member of the Firearms Identification Unit of the Philadelphia Police Department and an expert in the area of firearms identification and ballistics comparison, testified at trial. N.T., 4/27/16, at 13-41. Officer Welsh stated that cartridge casings recovered from the scene of the shooting were fired from the gun that had been discovered by police in the nearby alleyway. *Id*. at 34.

The record further reveals that Officer David Gerard of the Philadelphia Police Department testified that, while he was at the scene of the shooting, he came into contact with Ms. Breeonna Spencer, Victim's girlfriend. N.T., 4/27/16, at 8. Ms. Spencer told the officer that an eighteen-year-old black male with the first name of Yaasmeer committed the crime. *Id*. at 9. Ms. Spencer indicated that the perpetrator "had long dreadlocks [and was] wearing a white T-shirt and black pants." *Id*. Officer Gerard memorialized the witness's statements on a police incident report. *Id*. at 9-10, Exhibit C-2. The Commonwealth also presented testimony from Detective Deayoung Park of the Philadelphia Police. N.T., 4/26/16, at 248-265. Detective Park

offered evidence regarding Ms. Spencer's signed statement to police that named Appellant as the perpetrator of the shooting. *Id*. at 251-257. Exhibit C-7. In addition, while giving her statement to police, Ms. Spencer identified a photograph of Appellant as the person who committed the crime. *Id*. at 255-257, Exhibits C-8. The Commonwealth also introduced into evidence the sworn testimony of Ms. Spencer offered at Appellant's preliminary hearing, which was consistent with her previous statements given to the police implicating Appellant as the perpetrator of the shooting. N.T., 4/26/16, at 118-119, Exhibit C-41 (N.T., 8/1/13, at 7-10).

We conclude that the police interview statements of Ms. Spencer that were signed by her, as well as her sworn testimony given at Appellant's preliminary hearing, were demonstrably reliable and trustworthy. *Carmody*; *Lively*. Despite Ms. Spencer's contrary testimony at trial that purported to recant her prior statements incriminating Appellant, the evidence proving her prior statements supported the implication that Appellant committed the shooting. Accordingly, the record contains sufficient evidence that, if believed by the finder of fact, establishes beyond a reasonable doubt that Appellant committed the crime of aggravated assault. Therefore, Appellant's challenge to the sufficiency of the evidence merits no relief.

Appellant next argues that he is entitled to a new trial based upon the trial court's instructions to the jury. Appellant's Brief at 14-18. Specifically, Appellant contends that "[d]uring the recitation of the closing charges to the

jury, [the trial judge] interjected his opinion on a witness presented at trial by the prosecutor[, *i.e.* Ms. Spencer,] and, in his remarks, reinforced the validity of the Commonwealth's case against Appellant." Appellant's Brief at 16. Appellant asserts that "[t]he trial judge's interjections, after the closing arguments of counsel and during the closing charge to the jury, were an abuse of discretion that both prejudiced the jury and violated Appellant's right to due process and a fair trial." *Id*. at 17.

The well-established expectations regarding the proper conduct of a trial judge are set forth in ***Commonwealth v. Powell***, 590 A.2d 1240, 1243 (Pa. 1991):

> The judge occupies an exalted and dignified position; he is the one person . . . from whom the litigants expect absolute impartiality. An expression indicative of favor or condemnation is quickly reflected in the jury box and at counsel table. To depart from the clear line of duty through questions, expressions or conduct, contravenes the orderly administration of justice. It has a tendency to take from one of the parties the right to a fair and impartial trial, as guaranteed under our system of jurisprudence.

***Id***., at 1243 (quoting ***Commonwealth v. Myma***, 123 A. 486, 487 (Pa. 1924)).

Further, this Commonwealth recognizes that not "[e]very unwise or irrelevant remark made in the course of a trial by a judge . . . compel[s] the granting of a new trial." ***Commonwealth v. Goosby***, 301 A.2d 673, 674 (Pa. 1973). However, a new trial is required when a remark made by the trial judge is of such a nature that it may reasonably be said to have deprived the

- 9 -

defendant of a fair and impartial trial. ***Commonwealth v. Troop***, 571 A.2d

1084, 1086 (Pa. Super. 1990).

The Commonwealth concedes that Appellant's issue has merit.

Commonwealth's Brief at 14, 16-21. Specifically, with the following

observation, the Commonwealth acknowledges that the trial judge's

statements were improper:

> In the instant case, the trial court lectured the jury extensively regarding the court's own opinion of the credibility of the witness upon whose testimony the entire case depended. The Commonwealth continues to believe that the right person was charged with this serious offense. Nevertheless, it is the Commonwealth's position that the jury instruction set forth on pages 10-13[4] above does not comport with the above-referenced fundamental principles governing judicial commentary on the credibility of witnesses. And it is not possible to contend that these remarks were harmless. There is no other way to characterize it: the judge emphatically told the jury that the key witness'[s] in-court testimony, which favored [Appellant], was a lie.

Commonwealth's Brief at 19-20. The Commonwealth concedes a new trial is

necessary as follows:

> [T]he Commonwealth must concede Appellant's entitlement to a new trial, on the basis of the trial court's erroneous jury instruction. A simple reading of this charge . . . renders further discussion superfluous. In expressing its views on the key witness, at such length and in such a manner, the trial court usurped the fact finding function of the jurors and virtually directed them to enter a guilty verdict.

---

[4] In pages ten through thirteen of its appellate brief, the Commonwealth reproduces five excerpts from the trial court's jury instructions. Commonwealth's Brief at 10-13 (citing N.T., 4/28/16, at 79, 81, 81-82, 82-83, and 83-84). The passages contain multiple instances of the trial court indicating its belief regarding Ms. Spencer's credibility.

- 10 -

*Id*. at 14.

Upon review of the record, we are constrained to agree with both Appellant and the Commonwealth that this issue has merit, and a new trial is the correct remedy. Accordingly, we must reverse the judgment of sentence and remand this matter for a new trial. In light of our disposition we need not address Appellant's remaining issues challenging the weight of the evidence and discretionary aspects of sentencing.[5]

Judgment of sentence vacated. Case remanded for new trial. Jurisdiction relinquished.

_____

[5] We note that the Commonwealth has asked this Court to set forth an appropriate jury instruction to be used by trial courts in the future. Commonwealth's Brief at 14-15, 20-21. Specifically, the Commonwealth requests the following:

> To preserve the integrity of future convictions in cases such as this, the Commonwealth asks this Court to articulate for the trial court--and all trial courts--an appropriate jury instruction in cases where a witness has given an out-of-court statement which contradicts his or her trial testimony.

*Id*. at 14-15. However, it is not within this Court's province to offer such guidance because any analysis in this regard would amount to nothing more than an advisory opinion. This Court may not provide advisory opinions to address issues that may arise in future cases. ***Bindschusz v. Phillips***, 771 A.2d 803, 810 n.4 (Pa. Super. 2001). ***See also Sedat, Inc. v. Fisher***, 617 A.2d 1, 4 (Pa. Super. 1992) ("An advisory opinion is one which is unnecessary to decide the issue before the court, and … the courts of this Commonwealth are precluded from issuing such advisory opinions."); ***U.S. Bank, N.A. v. Pautenis***, 118 A.3d 386, 403 (Pa. Super. 2015) (same). Accordingly, we decline the Commonwealth's invitation to craft a jury instruction to be used by the trial court upon retrial in this case or by trial courts in future cases.

- 11 -

Judge Nichols joins the Opinion.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18