J-S57034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL VALDEZ-TORRES, | : | |
| | : | |
| Appellant | : | No. 486 MDA 2019 |

Appeal from the Judgment of Sentence Entered March 11, 2019
in the Court of Common Pleas of Schuylkill County
Criminal Division at No(s):  CP-54-CR-0000811-2018

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 24, 2019**

Rafael Valdez-Torres ("Valdez-Torres") appeals from the judgment of sentence entered following his conviction of two counts each of aggravated assault, criminal attempt (murder and robbery), and one count each of simple assault and recklessly endangering another person.[1, 2]  We affirm.

On October 10, 2017, Joseph Becker ("Becker") and his friends went to the 200 block of Rowe Street, in Tamaqua Borough, to purchase heroin from Maria Lewis ("Lewis").  Lewis was the girlfriend of Valdez-Torres.  Becker was acquainted with Valdez-Torres, and knew him by the name of "Flacko."

---

[1] **See** 18 Pa.C.S.A. §§ 2702, 901 (2502 and 3701), 2701, 2705.

[2] Valdez-Torres's convictions of aggravated assault and recklessly endangering another person merged at sentencing.

Upon arriving at the 200 block of Rowe Street, Becker approached Lewis's residence by means of the back yard. As he did so, Valdez-Torres approached and asked Becker whether he had drugs to sell. Becker stated that he had methamphetamine. When Valdez-Torres asked to purchase some of the narcotics, Becker offered to give him some. Becker pulled out a roll of money from his pocket, withdrew a one-dollar bill, folded it in half, put methamphetamine on the bill, and gave it to Valdez-Torres. Becker gave Valdez-Torres another dollar bill, which Valdez-Torres used to snort the narcotics. Valdez-Torres then withdrew a firearm from his waistband and demanded $300 from Becker. Valdez-Torres claimed that Becker owed him the $300. When Becker refused to pay, Valdez-Torres shot him in the chest. After being shot, Becker ran between the houses to the street. As he ran, he heard another gunshot, and a bullet passed by his head. When Becker reached his friends, they called for help. Becker was life-flighted to the hospital, where he remained for three weeks. Becker subsequently told police that Valdez-Torres was his assailant.

A jury convicted Valdez-Torres of the above-described charges. Thereafter, the trial court sentenced Valdez-Torres to an aggregate prison term of 20-40 years. Valdez-Torres timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Valdez-Torres presents the following claims for our review:

   A. Whether the evidence and testimony was insufficient to
      support the jury verdict of criminal attempt to commit murder
      of the first degree[,] in that both the Commonwealth witness
      and [the] defense witness testified as to a confrontation
      occurring prior to firing gunshots, as well as [the] fact that
      [Becker] testified that meeting [Valdez-Torres] was not
      predetermined?

   B. Whether the evidence and testimony was insufficient to support
      the jury verdict of criminal attempt to commit robbery … in that
      both [the] Commonwealth witness and [the] defense [witness]
      never testified as to [a] theft occurring?

Brief for Appellant at 4.

Valdez-Torres first claims that the evidence presented at trial is not

sufficient to sustain his conviction of attempted murder. *See id.* at 10. In

support, Valdez-Torres directs our attention to the testimony of Maria Burke

("Burke"), a resident near the shooting scene. *Id.* at 12-13. According to

Valdez-Torres, Burke's testimony established that there was activity, *i.e.*,

motions, actions and/or mumbling, prior to the gunshots. *Id.* at 13. Valdez-

Torres also directs our attention to the testimony of Keith Schlosser

("Schlosser"), another nearby resident. *Id.* at 13-15. According to Valdez-

Torres, Schlosser testified that he heard arguing and observed Becker and

Valdez-Torres engaging in a physical and verbal confrontation prior to the

gunshot. *Id.* at 14-15. Finally, Valdez-Torres directs our attention to the

testimony of Becker. *Id.* at 15. According to Valdez-Torres, Becker testified

that he was going through withdrawal at the time of the altercation. *Id.*

Valdez-Torres points out that Becker's testimony regarding the direction that

the gun was pointed was not clear, and was "contradictory, inconclusive[,]

and disjointed[.]" *Id.* at 18.

The standard we apply when reviewing a challenge to the sufficiency of

the evidence is whether,

> viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder['s]. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder[,] unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Enix*, 192 A.3d 78, 81 (Pa. Super. 2018) (quoting

*Commonwealth v. Estepp*, 17 A.3d 939, 943-44 (Pa. Super. 2011)).

"A criminal homicide constitutes murder of the first degree when it is

committed by an intentional killing." 18 Pa.C.S.A. § 2502(a). To prove

murder in the first degree, the Commonwealth must demonstrate that a

human being was unlawfully killed; the defendant did the killing; and the

killing was done in an intentional, deliberate, and premeditated manner.

*Commonwealth v. Bryant*, 67 A.3d 716, 721 (Pa. 2013). "What

distinguishes first degree murder from all other forms of homicide is the

existence of a specific … intent to kill." **Commonwealth v. Wayne**, 720 A.2d 456, 460 (Pa. 1998) (citation omitted).

"A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). "A person may be convicted of attempted murder 'if he takes a substantial step toward the commission of a killing, with the specific intent in mind to commit such an act.'" **Commonwealth v. Jackson**, 955 A.2d 441, 444 (Pa. Super. 2008) (quoting **Commonwealth v. Dale**, 836 A.2d 150, 152 (Pa. Super. 2003)).

In its Opinion, the trial court addressed the claim raised by Valdez-Torres as follows:

> [I]t is unclear to [the court] what element of attempted murder [Valdez-Torres] asserts was insufficient. His reference to the meeting between him and the victim not being predetermined perhaps refers to premeditation. The Commonwealth is required to prove specific intent to kill as one of the elements of attempted murder. The specific intent to kill can be established by showing that the defendant's act was willful, deliberate and premeditated, and premeditation may be brief. **Commonwealth v. Davis**, 479 A.2d 1077[, 1079] (Pa. Super. 1984).
>
> The "confrontation" between [Valdez-Torres] and [Becker], as referenced in [Valdez-Torres's Concise Statement], consisted of [Valdez-Torres] pulling a gun from his waistband and demanding money from the victim. When the victim refused, [Valdez-Torres] shot him in the chest. Although gravely wounded, [Becker] managed to run away, and as he did, [Valdez-Torres] fired another shot. The bullet from that shot whizzed by [Becker's] head.
>
> [Valdez-Torres] does not specify what element of the charge of attempted murder has not been proven …. As already stated,

- 5 -

the evidence was that [Valdez-Torres] demanded money from the victim at gunpoint and shot the victim when he refused.

Trial Court Opinion, 4/16/19, at 2. Because the evidence, viewed in the light most favorable the Commonwealth, confirms the trial court's assessment, we adopt the trial court's rationale, and affirm on this basis. *See id.* We additionally observe the following.

Valdez-Torres directs our attention to evidence of inconsistencies in witnesses' testimony. However, credibility determinations "go to the weight, not the sufficiency of the evidence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012).

To the extent that Valdez-Torres challenges the sufficiency of the evidence establishing premeditation, we point out the following evidence. At trial, Becker testified that during their encounter, Valdez-Torres displayed a gun and demanded $300 from Becker. N.T., 2/6/19, at 58. When Becker refused, Valdez-Torres stated that he was "not kidding," and again demanded the money. *Id.* at 60. Subsequently, Valdez-Torres told Becker that a drug dealer to whom Becker owed money "wanted [Becker] dead anyway." *Id.* at 61. Immediately after stating this, Valdez-Torres shot Becker in the chest. *Id.* at 62.

After being shot, Becker heard the sound of "[m]etal on metal. It sounded like the gun … like [Valdez-Torres] was trying to unjam the gun." *Id.* at 64. Becker testified that he pushed Valdez-Torres and ran toward the front of the house. *Id.* at 65. As Becker ran, Valdez-Torres shot at Becker a second

time. *Id.* There was sufficient evidence, if believed by the jury, of deliberation and premeditation. The first shot did not kill Becker. Between the demand for $300 and the first shot, and the time between the first shot and the firing of the second shot, ample time elapsed to enable Vasquez-Torres to form a conscious design to kill and to carry it into effect. The jury, as fact-finder, was free to believe Becker's testimony over that of other witnesses. *See Enix*, 192 A.3d at 81. Consequently, we cannot grant Vasquez-Torres relief on this claim.

Vasquez-Torres next claims that the evidence was not sufficient to sustain his conviction of attempted robbery. Brief for Appellant at 18. In support, Vasquez-Torres states that, "[a]s to the alleged theft, and the testimony of [] Becker, [the] Commonwealth failed to prove robbery for both failing to show that [] Becker was the subject of the theft or he was in fear of bodily injury." *Id.* at 20. Vasquez-Torres contends that Becker presented Vasquez-Torres with $46, which Becker had obtained from a stripper. *Id.* According to Vasquez-Torres, Becker "never admitted to being in fear," never testified that [Vasquez-Torres] committed the theft in the form of removing property" from Becker, and never testified that [Vasquez-Torres] absconded with" the $46. *Id.* Again, Vasquez-Torres directs our attention to testimony from neighbors that there had been a "full-blown physical altercation by and between [Vasquez-Torres] and [] Becker." *Id.*

Pursuant to the robbery statute, a person is guilty of robbery if, "in the course of committing a theft, he … inflicts serious bodily injury upon another." 18 Pa.C.S.A. § 3701(a)(1)(i). As set forth above, a criminal attempt is found where a person, while possessing the intent to commit a crime, does an act that constitutes a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901(a). These statutory provisions undermine Vasquez-Torres's argument.

Our review of the evidence discloses that Vasquez-Torres displayed a firearm, demanded money from Becker, shot Becker after Becker had refused, and again shot at Becker as he ran away. N.T., 2/6/19, at 58-62. Consequently, the evidence is sufficient to sustain Vasquez-Torres's conviction of attempted robbery.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/2019

- 8 -