J-S17008-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLAYTON MICHAEL TILLOTSON | : | |
| | : | |
| Appellant | : | No. 1194 MDA 2019 |

Appeal from the Judgment of Sentence Entered June 17, 2019
In the Court of Common Pleas of Bradford County
Criminal Division at No(s):  CP-08-CR-0000867-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED: APRIL 20, 2020**

Clayton Michael Tillotson appeals from the judgment of sentence entered in the Bradford County Court of Common Pleas. On appeal, Tillotson contends he was prejudiced by the trial court's comments during closing arguments. After careful review, we affirm.

The Canton Borough Police Department received a report from a motorist that Tillotson was driving erratically on State Route 14. Sergeant Trey Kurtz, the responding officer, located Tillotson's car on the road and followed him to the Acorn Market in Canton Borough.

There, Tillotson exited his vehicle and walked towards Sergeant Kurtz's patrol car. While conversing with Tillotson, Sergeant Kurtz observed that Tillotson was confused and his pupils were constricted. Sergeant Kurtz also noticed a smell of marijuana emanating from Tillotson's clothes. Based on

these observations, Sergeant Kurtz administered a field sobriety test, which Tillotson failed.

Sergeant Kurtz searched Tillotson's car and found what he suspected to be a marijuana pipe with a small amount of marijuana in it, a skull statue with suspected marijuana in it, and several baggies containing suspected marijuana. Important to Tillotson's argument on appeal, the suspected marijuana was never chemically tested to confirm Sergeant Kurtz's belief.

Tillotson was arrested and charged with numerous offenses. After a jury trial, Tillotson was convicted of driving under the influence ("DUI") of marijuana, possession of marijuana, possession of drug paraphernalia, and possession of a small amount of marijuana.[1] The trial court sentenced Tillotson to ninety days to five years' incarceration. This timely appeal followed.

In his only issue, Tillotson maintains that the trial court's reference to the substance found in his car as marijuana was unfairly prejudicial because Sergeant Kurtz admitted that he did not have the substance tested nor is he an expert. **See** Appellant's Brief, at 11-12. Therefore, Tillotson contends that he is entitled to a new trial. We disagree.

A trial judge must act with absolute impartiality and refrain from any conduct or unwise comment which indicates favor or condemnation. **See Commonwealth v. Nesbitt**, 419 A.2d 64, 67 (Pa. Super. 1980). However, every unwise comment made by a judge during the course of a trial does not

---

[1] 75 Pa. C.S.A. § 3802(d)(2); 35 P.S. § 780-113(a)(16); 35 P.S. § 780-113(a)(32); and 35 P.S. § 780-113(a)(31).

automatically necessitate the grant of a new trial. ***See Commonwealth v. Enix***, 192 A.3d 78, 83 (Pa. Super. 2018). A new trial is required only when a remark is of such a nature that it may reasonably be said to have deprived the defendant of a fair and impartial trial. ***See id***.

During the Commonwealth's closing argument, the Assistant District Attorney, while showing a small pipe to the jury, stated that "[i]f you look closely you can even see the burnt residue from the marijuana inside this pipe." N.T., Jury Trial, 4/3/19, at 157. In response, Tilloston's counsel objected and argued that "there . . . [was] no evidence that there was burnt residue from marijuana inside . . . [the] pipe." ***Id***. Although the trial court could not recall whether there was testimony regarding marijuana residue in the pipe, the trial court permitted the Commonwealth to show the jury the pipe, which had been admitted into evidence. ***See id***., at 157-158.

When the Assistant District Attorney resumed his argument, he recalled how Sergeant Kurtz testified "that he found marijuana . . . inside the defendant's car. . . ." ***Id***., at 158. Tillotson objected and asserted "there ha[d] been no evidence that the substance . . . [was] marijuana." ***Id***. Furthermore, Tillotson pointed out that Sergeant Kurtz only "testified that he thought . . . [the substance] was [marijuana]" and "he is not an expert." ***Id***. In response to Tillotson's objection, the trial court stated "[s]ure there was" and overruled the objection. ***Id***.

In order to resolve this issue, we must determine whether there was any evidence of marijuana presented at trial that would support the trial court's response to Tillotson's objection.

The record shows that Sergeant Kurtz testified at trial that he observed signs of impairment exhibited by Tillotson consistent with impairment from taking controlled substances. **See id**., at 30. Having been trained to test for impairment due to controlled substances, Sergeant Kurtz administered a field sobriety test, which Tillotson failed. **See id**., at 46-49. Tillotson then "informed [Sergeant Kurtz] there was marijuana and a pipe in his . . . vehicle." **Id**., at 50.

As a result of Tillotson's admission, Sergeant Kurtz conducted a search of the car. During the search, Sergeant Kurtz recovered five glassine bags, a skull statue, and a small pipe. **See id**., at 50. Upon opening the statute, Sergeant Kurtz saw that there was a substance inside, which he identified as marijuana based on its odor and appearance. **See id**., at 52-54.

Based on the foregoing, we cannot conclude that the trial court acted improperly and denied Tillotson a fair and impartial trial. **See Enix**, 192 A.3d at 83. Contrary to Tillotson's assertion, "[t]he existence of narcotic drugs does not have to be proved by chemical analysis and may be proved by direct or circumstantial evidence." **Commonwealth v. Williams**, 428 A.2d 165, 167 (Pa. Super. 1981). Sergeant Kurtz, in light of his training and experience, established by circumstantial evidence that the substance recovered from Tillotson's car was marijuana. **See** N.T., Jury Trial, 4/3/19, at 52-54. As such,

the trial court was justified in stating that there was evidence of marijuana introduced at trial.

Tillotson argues that this comment impermissibly lent credibility to Sergeant Kurtz's testimony. We disagree. The court's statement, "sure there was" referenced the evidence outlined above. It was not a definitive statement that the substance was marijuana. Further, the court clearly instructed the jury that the jury was the ultimate finder of fact. **See id.**, at 158; 166-167. Tillotson has not challenged the appropriateness of the court's jury instructions on appeal. Under these circumstances, Tillotson cannot establish that the court's brief statement denied him a fair trial. Therefore, Tillotson's only issue on appeal is without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/2020