J-S27012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN JON KUNSELMAN | : | |
| | : | |
| Appellant | : | No. 410 WDA 2021 |

Appeal from the Judgment of Sentence Entered December 2, 2020
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000403-2019

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED:  January 11, 2022**

Appellant, Steven Jon Kunselman, appeals from the December 2, 2020 judgment of sentence imposing 60 to 120 months' incarceration after a jury found Appellant guilty of persons not to possess, use, manufacture, control, sell, or transfer a firearm, 18 Pa.C.S.A. § 6105(a)(1).[1]  We affirm.

The trial court summarized the procedural history as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The trial court entered its judgment of sentence on December 2, 2020. Appellant filed an *omnibus* post-sentence motion that the trial court denied on February 26, 2021.  Appellant's notice of appeal stated he was appealing the February 26, 2021 order denying his post-sentence motions.  "[I]n criminal matters[,] an appeal properly lies from the judgment of sentence made final by the disposition of the post-sentence motions."  ***Commonwealth v. Enix***, 192 A.3d 78, 79 n.1 (Pa. Super. 2018) (citation omitted).   Therefore, Appellant's appeal properly lies from the December 2, 2020 judgment of sentence.  The case caption has been corrected accordingly.

[Appellant] was arrested by the Pennsylvania State Police on June 5, 2019. [Following his arrest, Appellant] was placed in the Clarion County jail that same day on a probation detainer at [trial court] docket CP-16-CR-297-2016 [("Case CR-297-2016")]. On August 9, 2019, the criminal complaint was filed in [the instant] case. [Appellant] was arraigned on the charges [filed in this case] on August 12, 2019, and bail was set at [$65,000.00. Appellant] remained in the Clarion County jail on the aforementioned probation detainer [and because he did not post bail in the instant case]. On March 4, 2020, [the trial] court entered an order granting [Appellant's] pre-trial motion pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure and set his bail [in the instant case] at nominal bail.[2] On July 14, 2020, [Appellant] had a ***Gagnon II***[3] probation violation hearing on the probation detainer at [Case CR-297-2016] and was sentenced to serve a maximum sentence of two [] years[' incarceration] less one [] day, with credit given in the amount of [665] days [for] time served. Upon serving this [revocation] sentence, [Appellant] was

---

[2] Rule 600(B) states that, "[e]xcept in cases in which the defendant is not entitled to release on bail as provided by law, no defendant shall be held in pretrial incarceration in excess of [] 180 days from the date on which the complaint is filed[.]" Pa.R.Crim.P. 600(B). On March 4, 2020, the trial court granted Appellant's motion for nominal bail because he had been held in pre-trial incarceration in excess of 180 days from the date the criminal complaint had been filed. ***See*** Trial Court Order, 3/4/20.

[3] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (***Gagnon I*** hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (***Gagnon II*** hearing) follows before the trial court makes its final revocation decision). We note that when a revocation hearing is conducted before the disposition (either by trial or guilty plea) of new charges, as is the procedural posture of the case *sub judice*, as discussed *infra*, the revocation hearing is commonly, and more properly, known as a "***Daisey-Kates***" hearing. ***See Commonwealth v. Moriarty***, 180 A.3d 1279, 1282 n.3 (Pa. Super. 2018); ***see also Commonwealth v. Kates***, 305 A.2d 701 (Pa. 1973). Nonetheless, because the parties and the trial court refer to Appellant's revocation hearing as a ***Gagnon II*** hearing, for ease of disposition, we will continue to use the same terminology.

released from the Clarion County jail on September 17, 2020[, because in addition to serving the revocation sentence, he also posted nominal bail in the instant case.]

At the October 26, 2020 jury trial, [Appellant] was convicted of one count of [persons not to possess, use, manufacture, control, sell, or transfer a firearm] under 18 [Pa.C.S.A.] § 6105(a)(1), a [second-degree] felony[.] Following the trial, [the trial] court ordered [Appellant's] bail be reinstated to [$65,000.00. Appellant] was reincarcerated on October 26, 2020, but posted [] bail on October 31, 2020[,] and was released. On December 2, 2020, [Appellant] was sentenced to serve not less than [60] months['] nor more than [120] months[' incarceration], with credit given in the amount of five [] days [for] time served.

Trial Court Opinion, 2/26/21, at 1-2 (extraneous capitalization omitted).[4]

On December 14, 2020, Appellant filed a timely *omnibus* post-sentence motion.[5] On January 8, 2021, the Commonwealth filed a response to Appellant's *omnibus* post-sentence motion. The trial court entertained argument on Appellant's *omnibus* post-sentence motion on January 25, 2021 and denied said motion on February 26, 2021. This appeal followed.[6]

_____

[4] For ease of identification, we have assigned page numbers to the trial court's unpaginated February 26, 2021 opinion.

[5] Post-sentence motions must be filed within 10 days following the imposition of sentence. Pa.R.Crim.P. 720(A)(1). In the case *sub judice*, the tenth day following the December 2, 2020 judgment of sentence was Saturday, December 12, 2020. When the last day of a period of time referred to in a statute or procedural rule falls on a Saturday or Sunday, such day shall be omitted from the computation. **See** 1 Pa.C.S.A. § 1908. As such, Appellant's *omnibus* post-sentence motion filed on Monday, December 14, 2020, was timely filed.

[6] Both Appellant and the trial court complied with Pa.R.A.P. 1925. In its Rule 1925(a) opinion, the trial court stated that it relied on its February 26, 2021

Appellant raises the following issues for our review:

1.    Whether the trial court abused its discretion in denying [Appellant's] post-sentence motion seeking dismissal of his charges due to [a] violation of his rights to a speedy trial and due process under the law?

2.    Whether the trial court abused its discretion in denying [Appellant] credit against his minimum and maximum sentence [in the instant case for pre-trial incarceration imposed because Appellant did not post or secure bail]?

Appellant's Brief at 4 (extraneous capitalization omitted).

Appellant's first issue challenges the trial court's denial of his post-sentence motion seeking the dismissal of all charges with prejudice on the grounds that the Commonwealth violated Rule 600 and his due process right to a speedy trial. *Id.* 11-20.

> When reviewing a trial court's decision in a Rule 600 case, an appellate court will reverse only if the trial court abused its discretion.  An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will[,] discretion is abused.  Our scope of review is limited to the record evidence from the Rule 600 hearing and the findings of the [trial] court, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Bradford*, 46 A.3d 693, 700 (Pa. 2012) (citations and quotation marks omitted).

_____

opinion that accompanied its order denying Appellant's *omnibus* post-sentence motion.  *See* Trial Court Opinion, 4/20/21.

- 4 -

When a criminal complaint has been filed against a defendant, Rule 600 requires the Commonwealth to commence the trial within 365 days from the date on which the criminal complaint was filed.[7]  **See** Pa.R.Crim.P. 600(A)(2)(a).  A trial is deemed to commence on, *inter alia*, the date the trial court calls the case to trial.  **See** Pa.R.Crim.P. 600(A)(1).  In calculating whether a defendant's trial commenced within 365 days of the date the criminal complaint was filed, only periods of delay "caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time[.]"  **See** Pa.R.Crim.P. 600(C)(1).  Otherwise, "[a]ny other periods of delay shall be excluded from the computation" of the 365-day calculation.  **Id.**  Stated another way, excludable time is a time delay caused by a defendant, or the defendant's counsel, or caused by circumstances beyond the control of the Commonwealth despite its due diligence.  **Colon**, 87 A.3d at 358-359; **see also Commonwealth v. Andrews**, 213 A.2d 1004, 1013 (Pa. Super. 2019) (finding no Rule 600 violation when the trial court's congested docket caused the delay, rather than the Commonwealth's lack of due diligence), *appeal denied*, 222 A.3d 376 (Pa. 2019).

_____

[7] Rule 600 was adopted "to protect [a] defendant's constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution[.]" **Commonwealth v. Colon**, 87 A.3d 352, 356 (Pa. Super. 2014).

Here, Appellant asserts that, because criminal charges were filed against him on August 9, 2019, the mechanical run date[8] for assessing a Rule 600 violation was August 9, 2020. Appellant's Brief at 11. Appellant further asserts that his jury trial commenced on October 26, 2020, 78 days after the mechanical run date. *Id.* Appellant argues that even though our Supreme Court suspended Rule 600 from March 19, 2020, to June 1, 2020, due to the COVID-19 global pandemic, the trial court erred in excluding the suspension period (74 days) in assessing whether a Rule 600 violation occurred because the Court of Common Pleas in Clarion County proceeded with criminal trials during this suspension period. *Id.* at 12-13. Appellant further contends that the trial court erred in excluding 56 days from the calculation based upon an order granting a joint continuance of Appellant's pre-trial conference because the Commonwealth had not turned over "outstanding mandatory discovery" and "would not have been ready to proceed [to trial] at that time regardless" of the continuance. *Id.* at 13.

In denying Appellant's post-sentence motion requesting the dismissal of his criminal charges with prejudice for a violation of Rule 600, the trial court stated,

> the criminal complaint was filed on August 9, 2019, and [Appellant] was brought to trial on October 26, 2020, totaling [445] days. [Appellant] argues that, even considering the suspension of Rule 600 by [our] Supreme Court during this time

---

[8] The "mechanical run date" for Rule 600 purposes is 365 days after the criminal complaint was filed. *Colon*, 87 A.3d at 358.

period, he was brought to trial [370 days] after he was charged in violation of Rule 600. [Appellant] also argues that all time should run against the Commonwealth because he did not delay his trial in any way. Whereas, the Commonwealth contends that [Appellant] is not entitled to a dismissal of charges based on Rule 600 as some of the delay was attributable to [Appellant].

[The trial] court issued an order dated March 6, 2020, which continued the pre[-]trial conference that was to be held that date to May 1, 2020, after receiving a joint motion for continuance "in order to afford the new public defender who [was] to be appointed to this case ample time to prepare for trial." Additionally, after receiving [Appellant's] *omnibus* pre[-]trial motion, [the trial] court issued an order dated April 23, 2020, which cancelled the pre[-]trial conference scheduled for May 1, 2020, and scheduled a hearing on [Appellant's *omnibus* pre-trial] motion. After the [trial] court ruled on [Appellant's *omnibus* pre-trial] motion on June 30, 2020, a criminal [pre-trial] conference was scheduled for July 15, 2020, and the case proceeded [to trial] without delay by either party. Consequently, it is evident that a portion of the [370-]day delay was caused by [Appellant]. Specifically, the time period between March 6, 2020[,] to May 1, 2020, which afforded [Appellant's] new counsel time to become familiar with [Appellant's] case.

Trial Court Opinion, 2/26/21, 5-6 (footnote and extraneous capitalization omitted).

A review of the record demonstrates that 444 days elapsed between the time the criminal complaint was filed against Appellant on August 9, 2019, and the start of Appellant's jury trial on October 26, 2020.[9] During this 444-day period, our Supreme Court suspended the requirements of Rule 600 in criminal cases, such as Appellant's case, for a period of 74 days (from March

---

[9] The trial court erroneously included the start date of Appellant's trial in its calculation of 445 days between the filing of the criminal complaint and the start of Appellant's jury trial.

19, 2020, until June 1, 2020).[10]  Because the Rule 600 suspension applied to all judicial districts in the Commonwealth of Pennsylvania, the fact that the Court of Common Pleas of Clarion County continued to hold criminal trials is of no consequence.  Therefore, in calculating a potential Rule 600 violation, the 444-day lapse of time between the filing of the criminal complaint and Appellant's trial was properly reduced by 74 days to 370 days.

This 370-day period was further reduced as a result of the delay caused by the joint request for a continuance of the pre-trial conference and the filing of, and resolution of, Appellant's *omnibus* pre-trial motion.  The trial court

---

[10] Having declared a statewide judicial emergency due to the COVID-19 global pandemic, our Supreme Court ordered that as of March 19, 2020,

> [Rule 600(C)] is hereby SUSPENDED **in all judicial districts** during the period of the statewide judicial emergency.  The purport of this directive is that the time period of the statewide judicial emergency SHALL BE EXCLUDED from the time calculation under Rule 600(C).  Nothing in this Order, however, or its local implementation, shall affect a criminal defendant's right to a speedy trial under the United States and Pennsylvania Constitutions - albeit that the circumstances giving rise to this Order and the suspension may be relevant to the constitutional analysis.

*In re General Statewide Judicial Emergency*, 228 A.3d 1283, 1287 (Pa. 2020) (emphasis added).  The suspension of Rule 600 was subsequently extended to June 1, 2020.  *See In re General Statewide Judicial Emergency*, 229 A.3d 229 (Pa. 2020) (extending the Rule 600 suspension until April 30, 2020); *see also In re General Statewide Judicial Emergency*, 230 A.3d 1015 (Pa. 2020) (extending the Rule 600 suspension until June 1, 2020); *In re General Statewide Judicial Emergency*, 234 A.3d 408 (Pa. 2020) (declaring that the Rule 600 suspension shall end on June 1, 2020).

granted the joint request for a continuance on March 6, 2020, and the lapse of time attributable to the continuance before Rule 600 was suspended statewide on March 19, 2020, was 13 days. Appellant filed his *omnibus* pre-trial motion on April 23, 2020, after Rule 600 had been suspended. The trial court did not file its order denying Appellant's *omnibus* pre-trial motion until June 30, 2020, so the lapse of time between June 1, 2020, when the Rule 600 suspension was lifted, and the trial court's order denying the *omnibus* pre-trial motion was 29 days. Thus, the 370-day period was further reduced by 42 days (13 days + 29 days). In calculating a potential Rule 600 violation, only 328 days elapsed between the filing of the criminal complaint and when the Commonwealth commenced Appellant's jury trial; far short of the permissible 365 days in which the Commonwealth must bring a defendant to trial. Therefore, we discern no abuse of discretion in the trial court's denial of Appellant's *omnibus* post-sentence motion raising a Rule 600 violation. Consequently, Appellant's first issue is without merit.[11]

_____

[11] To the extent that Appellant argues, in the alternative, that the lapse of time between the filing of the criminal complaint and the commencement of his jury trial violated his due process right to a speedy trial, we find this claim waived. ***See*** Appellant's Brief at 13 (asserting that, "if a [trial] court determines that a defendant's rights were not violated pursuant to Rule 600, then a constitutional analysis on due process grounds is required"); ***see also Colon***, 87 A.3d at 356 (stating, "[a] speedy trial analysis thus mandates a two-step inquiry: (1) whether the delay violated [Rule 600]; and, **if not**, then (2) whether the delay violated the defendant's right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution" (citation and original brackets omitted, emphasis in original)). To properly preserve a violation of

Appellant's second issue raises an illegal sentence claim on the ground the trial court failed to properly award credit for time served. Appellant's Brief at 20-22; *see also Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa. Super. 2018) (stating that, "[a] claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence").

> Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and the scope of review is plenary.

*Gibbs*, 181 A.3d at 1166.

Section 9760 of the Pennsylvania Sentencing Code, governing how a trial court applies credit for time served, states, in pertinent part,

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of

---

the constitutional right to a speedy trial claim for appellate review, however the defendant must raise such a claim in a motion before the trial court. *See Commonwealth v. Martz*, 232 A.3d 801, 812 (Pa. Super. 2020); *see also Colon*, 87 A.3d 356-357 n.2 (holding that, a trial court's analysis of a Rule 600 violation is distinctly different than a claim of an unconstitutional speedy trial violation); *Commonwealth v. Leaner*, 202 A.3d 749, 765 n.3 (Pa. Super. 2019) (stating that, a defendant waives a violation of a constitutional right to a speedy trial claim if such a claim is not presented to the trial court), *appeal denied*, 216 A.3d 226 (Pa. 2019); *Commonwealth v. Johnson*, 33 A.3d 122, 126 (Pa. Super. 2011) (stating, "claims not raised in the trial court may not be raised for the first time on appeal"), *appeal denied*, 47 A.3d 845 (Pa. 2012). A review of Appellant's *omnibus* post-sentence motion demonstrates that Appellant did not raise a separate constitutional challenge apart from the Rule 600 claim. *See* Appellant's *Omnibus* Post-Sentence Motion, 12/14/20, ¶¶26-39 (seeking the "dismissal of all charges [in the instant case] with prejudice [] pursuant to a violation of [Rule 600]"). Therefore, because Appellant did not raise a claim before the trial court that his constitutional right to a speedy trial had been violated, he cannot raise such a claim for the first time on appeal. Thus, the claim is waived.

the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Our Supreme Court in *Gaito v. Pennsylvania Bd. of Probation and Parole*, 412 A.2d 568 (Pa. 1980) set forth rules governing the award of credit for time served when a defendant has been detained both for a parole or probation violation and prior to trial on new criminal charges. In relevant part, *Gaito* states:

> if a defendant is being held in custody **solely** because of a detainer lodged by the [Pennsylvania Board of Probation and Parole] and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Gaito*, 412 A.2d at 571 (emphasis in original). The *Gaito* Court further recognized that "if a [defendant] is not convicted, or if no new sentence is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the [defendant's] original sentence." *Id.* at 571 n.6. Recently, our Supreme Court in *Smith v. Pennsylvania Bd. of Probation and Parole*, 171 A.3d 759 (Pa. 2017) stated,

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole [or probation] violator who receives a new sentence of incarceration, and the exception to *Gaito*, set forth at footnote 6 and further developed in [*Martin v. Pennsylvania Bd. of Probation and Parole*, 80 A.2d 299 (Pa. 2003)], is limited to cases in which a

- 11 -

convicted parole [or probation] violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

*Smith*, 171 A.3d at 768. While the nuances of awarding credit for time served can be daunting, the hallmark principles in awarding such credit remain as follows: (1) that pursuant to Section 9760, a defendant must be awarded credit for time served, and (2) that credit for time served may only be awarded once. *See* 42 Pa.C.S.A. § 9760(1); *see also Commonwealth v. Hollawell*, 604 A.2d 723 (Pa. Super. 1992) (stating that, Pennsylvania courts do not deal in "volume discounts" and a defendant may not receive a "windfall" on sentencing by having credit for time served awarded more than once).

Here, the record demonstrates that Appellant was arrested due to circumstances that eventually led to the filing of firearms charges against him. On the same day of his arrest, Appellant was detained on a probation violation. Appellant remained incarcerated solely as a result of the detainer from June 5, 2019, until August 12, 2019, a total of 68 days. On August 12, 2019, Appellant was arraigned on the new charges and bail was set at $65,000.00. Because Appellant failed to post bail, Appellant remained incarcerated as a result of both the new charges, as well as the detainer, from August 12, 2019, until July 14, 2020, a total of 337 days. On July 14, 2020, the trial court held a *Gagnon II* hearing, at the conclusion of which the trial court found Appellant violated his probation and resentenced him to 729 days' incarceration. As part of his revocation sentence, the trial court awarded Appellant 405 days

credit for time served (68 days + 337 days). Appellant subsequently remained incarcerated for an additional 65 days in order to fulfil his revocation sentence.[12] Upon completing his revocation sentence, and after posting bail related to his new charges, Appellant was released from incarceration.

On October 26, 2020, Appellant was convicted of the aforementioned firearms violation and bail was set at $65,000.00. Appellant posted bail on October 31, 2020, and was released from prison. On December 2, 2020, the trial court sentenced Appellant to 60 to 120 months' incarceration for his aforementioned firearms conviction. As part of Appellant's sentence, the trial court awarded Appellant credit for time served of 5 days for the period of October 26, 2020, to October 31, 2020.

Appellant asserts that the trial court erred in awarding him credit for time served, claiming that he was entitled to an additional 402 days (337 days + 65 days) for time served. Appellant's Brief at 21-22. The sentencing principles set forth in *Gaito*, *supra*, and its progeny, required the trial court to award credit for the 402 days of time served towards Appellant's sentence imposed on the firearms conviction because he was incarcerated pending trial on the new charges and was unable to post bail. The record demonstrates, and Appellant concedes, that he received credit for 402 days against his

_____

[12] In resentencing Appellant and awarding credit for 405 days of time served, the trial court also credited Appellant with 260 days presumably for time served prior to June 5, 2019. Therefore, upon serving the 65 days' incarceration after the *Gagnon II* hearing, Appellant completed 729 days of incarceration and fulfilled the revocation sentence.

revocation sentence.   **See** Appellant's Brief at 7 (stating that, Appellant received credit towards his violation of probation sentence for the time he was "incarcerated on both the detainer and monetary bail").  Appellant is not entitled, as he asserts, to receive credit more than once for this time. Consequently, while the trial court technically erred in applying the sentencing principles of **Gaito**, **supra**, and its progeny, Appellant is ineligible to receive a windfall in the form of credit for time served that has already been applied toward his revocation resentence.

Judgment of sentence affirmed.

Judge Nichols joins.

Judge Colins concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2022