J-S30031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN S. MINES | : | |
| | : | |
| Appellant | : | No. 559 EDA 2023 |

Appeal from the PCRA Order Entered February 7, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0330991-1983

BEFORE:  BENDER, P.J.E., LAZARUS, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:          **FILED JANUARY 31, 2024**

Kevin S. Mines ("Mines") appeals *pro se* from the trial court's order denying his "Petition to Compel Discovery."  Upon review, we quash.

The relevant factual and procedural history of this case follows.  A jury convicted Mines of first-degree murder in 1983.  The trial court sentenced him to life in prison.  Mines's direct appeal was unsuccessful, as were his numerous state and federal collateral attacks on his conviction.  Mines filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on May 2, 2018.  The PCRA court dismissed the petition as untimely, and this Court affirmed the dismissal.  ***See Commonwealth v. Mines***, 270 A.3d 1123 (Pa. Super. 2021) (unpublished memorandum).  Mines filed a petition for allowance of appeal to the Pennsylvania Supreme Court on December 30, 2021.

While his petition for allowance of appeal was pending, Mines filed a "Petition to Compel Discovery" in the PCRA court, seeking over forty items related to his 1983 conviction. *See* Petition to Compel Discovery, 4/5/22, at 1-9. The Pennsylvania Supreme Court denied Mines's petition for allowance of appeal June 7, 2022. *See* Order, No. 540 EAL 2021, 6/7/22. The PCRA court then issued an opinion and order denying Mines's petition to compel discovery. *See*, *e.g.*, Order, 2/7/23. The instant appeal followed.[1]

On appeal, Mines raises the following questions:

I.      Did the [PCRA] court have subject-matter jurisdiction over [Mines's] motion to compel discovery?

II.     Did the PCRA judge abuse his discretion in covertly, arbitrarily, and retroactively transforming Mines's "Mandamus" petition into a PCRA petition?

III.    Did the PCRA judge abuse his discretion in failing to give [Mines] notice of intent to dismiss required under Rule 907(1)?

IV.     Does [Mines] have a due process and equal protection right to discovery material especially where he has never been privy to discovery material and related transcript(s) of *voir dire* and jury instructions for [forty] years?

Mines's Brief at 4 (unnecessary capitalization and bolding omitted).[2]

---

[1] The PCRA court did not order Mines to file a Pa.R.A.P. 1925(b) statement and did not issue an additional opinion pursuant to Pa.R.A.P. 1925(a).

[2] Mines's first and second issues are less than clear. In his brief, Mines claims to have filed a petition for a writ of mandamus in the Pennsylvania Supreme Court. *See* Mines's Brief at 5. Mines contends the Court forwarded it to the PCRA court and this "triggered" the court's order denying "post-conviction

*(Footnote Continued Next Page)*

Mines argues the PCRA court abused its discretion in denying his petition to compel discovery. *Id*. at 6-11.[3] The Commonwealth counters the appeal should be quashed as moot. Commonwealth Brief at 6. Based on our review, we likewise conclude this appeal is moot. It is well-settled an issue "is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009); *see also Commonwealth v. Barr*, 79 A.3d 668, 677 n. 15 (Pa. Super. 2013) (holding that this Court will not decide moot or abstract questions). Here, the record reflects the Pennsylvania Supreme Court denied leave to appeal the dismissal of Mines's 2018 PCRA petition. Mines has filed no subsequent PCRA petitions to invoke the lower court's jurisdiction. Thus, there is no case pending before any court in which Mines can compel discovery. *Cf*. *supra* n.3 and Pa.R.Crim.P. 902(E)(2) (providing that for PCRA proceedings, except for limited circumstances that are inapplicable here, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances"). Thus, Mines's request is moot. To

---

relief." *Id*. There is no petition for a writ of mandamus contained in the certified record and the appealed-from PCRA court order did not deny a PCRA petition. *See* Order, 2/7/23.

[3] Mines argues the PCRA court should have treated his petition to compel discovery as a post-sentence motion. *See* Mines's Brief at 6-11. However, Mines filed his petition to compel discovery in 2022, long after the ten-day period to file post-sentence motions expired. *See* Pa.R.Crim.P. 720(A)(1).

the extent that Mines may be seeking to compel discovery as the basis for a future PCRA petition, we have long held, "[t]his Court may not provide advisory opinions to address issues that may arise in future cases." ***Commonwealth v. Enix***, 192 A.3d 78, 84 n. 5 (Pa. Super. 2018).[4]

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/31/2024

_____

[4] Additionally, as the Commonwealth has observed, the PCRA court lacked subject matter jurisdiction over Mines's discovery motion because his petition for allowance of appeal was pending at the Supreme Court when he filed it. ***See*** Commonwealth's Brief at 6-7; Pa.R.A.P. 1701(a); ***Commonwealth v. Beatty***, 207 A.3d 957, 961-64 (Pa. Super. 2019) (applying Rule 1701 to PCRA filings).